UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD EDROSA, | ) CASE NO. CV 11-8255-DOC (PJW) |
| Petitioner, | ) ORDER TO SHOW CAUSE WHY PETITION |
| v. | ) SHOULD NOT BE DISMISSED |
| K. HARRINGTON, WARDEN, | ) |
| Respondent. | ) |

On October 4, 2011, Petitioner filed a Petition for Writ of Habeas Corpus, seeking to challenge his 2008 state conviction and prison sentence for armed robbery. (Petition at 2.)  In the Petition, he claims that his sentence was unlawfully based on a prior strike conviction and that it violated the Eighth Amendment's prohibition on cruel and unusual punishment. (Petition at 3, 7-13.)

As a matter of comity between state and federal courts, a federal court generally will not address the merits of a habeas corpus petition unless the petitioner has first exhausted his state remedies, i.e., sought state court review of every ground presented in the petition by presenting it to the highest state court. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982).  Indeed, the law governing habeas petitions provides that a habeas petition brought by a person in state

custody *cannot be granted* "unless it appears that--(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must fairly present his contentions to the state courts, and the highest court of the state must dispose of them on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999). A district court may raise a failure to exhaust *sua sponte*. *Stone v. San Francisco,* 968 F.2d 850, 856 (9th Cir. 1992.)

In his Petition, Petitioner states that he did not raise his instant sentencing claims in the petition for review that he filed in the California Supreme Court because of "ineffective assistance of trial and appellate counsel." (Petition at 5.) He also states that he has not filed any other petitions or applications with respect to his conviction. (Petition at 6.) Thus, it appears that the Petition is completely unexhausted and is subject to dismissal on that basis. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Petitioner must first present his claims to the state supreme court, either through direct appeal or in a petition for habeas corpus, and have that court decide them on their merits before he can proceed in this Court.

```
 1        IT IS THEREFORE ORDERED that, no later than November 7, 2011,
 2   Petitioner shall inform the Court in writing why this case should not
 3   be dismissed for failure to exhaust.  Failure to timely file a
 4   response will result in a recommendation that this case be dismissed
 5   without prejudice to refiling once he has exhausted his claims.
 6
 7        DATED:    October 6, 2011
 8
 9                                         /s/ Patrick J. Walsh
                                           _____
10                                         PATRICK J. WALSH
                                           UNITED STATES MAGISTRATE JUDGE
```